UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MARCEL E WILDER, | ) |
| | ) |
| Plaintiff, | ) 3:19-CV-00113-DCLC |
| | ) |
| vs. | ) |
| | ) |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 5, 2019, Plaintiff Marcel Wilder (Wilder) filed a pro se complaint against the Social Security Administration, seeking judicial review of its denial to her of disability benefits. [Doc. 2]. She also filed a motion for leave to proceed in forma pauperis [Doc. 1]. On April 8, 2019, the Court granted her motion to proceed in forma pauperis, but required her to complete the blank service packets. The Clerk mailed those blank service packets to her along with the order outlining her requirements to obtain service of the complaint [Docs. 3,4]. If she had any questions, the clerk directed her to contact the clerk's office and provided contact information. On August 9, 2019, when Wilder never returned the service packets, the Court ordered her to show cause as to why her complaint should not be dismissed without prejudice for failure to comply with the service requirements of Fed.R.Civ.P. 4(m). The Court permitted her until August 26, 2019, to demonstrate to the Court why the complaint should not be dismissed. Wilder did not respond to the Court's order. Moreover, she has not advised the Court of any change in her address of record.

Fed.R.Civ.P. 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time."

In this case, Wilder was responsible for service Defendant by July 5, 2019, 90 days after the filing of the complaint. On August 9, 2019, the Court on its own advised Wilder to show cause why she had not obtained service according to the Fed.R.Civ.P. 4(m). The Court gave notice to Plaintiff that dismissal was required if she did not show cause as to why service on Defendant had not been effectuated. Plaintiff has made no effort to show cause why this case should not be dismissed.

Accordingly, the Court finds that Wilder has failed to comply with the service requirements that were clearly outlined for her by the Magistrate Judge and "Notice regarding Requirement re IFP service" [Docs. 4,5]. She has also failed to show cause for not serving the Defendant within the time constrains of Rule 4(m) as directed by this Court on August 9, 2019. Accordingly, the Court DISMISSES Wilder's Complaint without prejudice as directed by Fed.R.Civ.P. 4(m). A separate judgment shall enter.

**SO ORDERED:**

_____
CLIFTON L. CORKER
United States District Judge